FILED ✓ RECEIVED
ENTERED SERVED ON
COUNSEL/PARTIES OF RECORD

AUG 21 2025

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: MAM DEPUTY

Aaron Ingram #2000054892
Clark County Detention center
330 S. Casino Center
Las Vegas N.V. 89101
(Name / Booking number
Place of Confinement
Mailing Address (above))

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Aaron Ingram<br>Plaintiff,<br><br>VS.<br><br>Elizabeth A. Mercer (1)<br>James Gollmer (2)<br>Michael Alexander (3)<br>Chad Dougherty (4)<br>Brain Kowalski (5)<br>Andrew Bauman (6)<br>Alexander Szukiewicz (7)<br>Gabriel Mazon (8)<br>Las vegas Metro Police Dept (9)<br>Defendant(s) | Case No. 2:25-cv-01565-CDS-EJY<br><br>CIVIL RIGHTS COMPLAINT BY AN INMATE<br><br>☑ Original Complaint<br>☑ Jury Trial Demanded |

## A. JURISDICTION

1) This court has Jurisdiction over this action pursuant to:
☑ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
2) Plaintiff Currently resides: Clark County Detention center
3) City where violation(s) occurred: Las vegas, Nevada

# B. DEFENDANTS

1.) Elizabeth A. Mercer Bar # 010681, employed as: District Attorney of Steven B. Wolfson office, address: 200 Lewis Avenue, Las vegas N.V. 89155-2212

2.) James Gollmer P#13429, employed as: LVMPD, address: 400 S. Martin Luther King Blvd, Las vegas N.V. 89106

3.) Michael Alexander P#15223, employed as: LVMPD address: 400 S. Martin Luther King Blvd, Las vegas N.V. 89106

4.) Chad Dougherty P# N/A, employed as: LVMPD address: 400 S. Martin L. King Blvd, Las vegas N.V. 89106

5.) Brain Kowalski P# 8550, employed as: LVMPD address: 400 S. Martin L. King Blvd, Las vegas N.V. 89106

6.) Andrew Bauman P# N/A, employed as: LVMPD address: 400 S. Martin L. King Blvd, Las Vegas N.V. 89106

7.) Alexander Szukiewicz P# N/A, employed as: LVMPD address: 400 S. martin L. King Blvd, Las vegas N.V. 89106

8.) Gabriel Mazon P# N/A, employed as: LVMPD address: 400 S. Martin L. King Blvd, Las vegas N.V. 89106

9.) Las Vegas Metropolitan Police Department, address: 400 S. Martin L. King Blvd, Las vegas N.V. 89106

# C. NATURE OF THE CASE

① on December 22, 2020 the Plaintiff was stopped by LVMPD officer Alexander for allege traffic infraction pursuant to event # LLV 201200095382

② Alexander did not pursue the allege traffic infraction and the traffic stop was delayed for a unrelated event that allegedly occurred on December 13, 2020

③ The Plaintiff was apprehended by LVMPD Defendant(s) for allege traffic "warrants"

④ Subsequently Defendants conducted unreasonable search on the plaintiff's cellular phone, and vehicle without an anticipatory search warrant

⑤ The Defendants ask the Plaintiff multiple incriminating questions without "mirandizing" him while in custody.

⑥ After Defendants questioned the Plaintiff, Miranda was was read which the Plaintiff invoked his right to remain silent, thereafter hours later the plaintiff was transfered to LVMPD headquaters to be questioned again and then transferred to Clark county detention center (CCDC) and charge with event # LLV 201200054419 (felony charges)

⑦ During the search of the Plaintiff's person more than "$ 2,500" was seized from the plaintiff's pants pocket however the plaintiff was booked into CCDC with "0.00 $" and no "property report" was made regarding the missing cash" thus the Defendants stole the Plaintiff's cash.

⑧ Pursuant to case No. C-21-353886-1 in the eighth Judicial district court, the Plaintiff allegedly got grand Jury indicted

and his initial arraignment on march 29, 2021

⑨ after the Plaintiff's initial arraignment, Brady material, to wit, the Body worn camera (BWC) footage, & allege 911 emergency/traffic radio/CAD report incident to the Plaintiff's "arrest & punishment" was withheld for approximately "3-years" which hampered the Plaintiff's ability to raise claims properly in earlier proceedings, and civil rights claims

## D. CAUSE(S) OF ACTION

### CLAIM 1

1. State the constitutional or other federal civil right that was violated: 14th Amendment 5th Amendment ~~and~~ 6th Amendment & 8th Amendment

2. **Claim 1**. Identify the issue involved. Check **only one**. State additional issues in separate claims.

☐ Basic necessities ☐ Medical care ☐ Mail

☐ Disciplinary proceedings ☐ Exercise of religion ☐ Property

☐ Access to the court ☐ Excessive force by officer ☐ Retaliation

☐ Threat to safety ☑ Other: withholding, destroying or altering evidence.

3. **Date(s) or date range** of when the violation occurred: 12/22/20 – 6/30/25 .

4. **Supporting Facts**: State as briefly as possible the FACTS supporting Claim 1. Describe exactly what **each specific defendant (by name)** did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

① The District Attorney, Elizabeth Mercer, LVMPD-James Gollmer and/or other LVMPD government entity who is investigating under the same ongoing criminal case, Pursuant to: C-21-353886-1, Dept. 10, in the Eighth Judicial district court, The Defendants exceedingly withheld material evidence
② Ms. Mercer, Mr. Gollmer and/or Las Vegas metro Police Dep't (LVMPD) deprived the Plaintiff Brady material incident to his unlawful arrest on December 22, 2020
③ Mercer, Gollmer and/or LVMPD withheld material evidence, to wit, Body worn camera(s) and CAD report that allegedly coincides with traffic stop and search & seizure of the Plaintiff.
④ Mercer, Gollmer, and/or LVMPD destroyed or altered the BWC(s) and CAD report while it was being withheld for approximately "3 Years" after the Plaintiff's "arraignment"
⑤ Mercer attempted several times to proceed to trial without disclosing the BWC(s) footage and CAD report incident to the Plaintiff's arrest on December 22, 2020.

(6) The Plaintiff's defense counsel was never provided the BWC(s) footage and CAD report that was incident to the Plaintiff's arrest an unlawful punishment

(7) The Plaintiff's counsel was hampered and deprived litigation as-well-as the Plaintiff due to the Defendant(s) breach of duty to disclose BWC footage and CAD report in earlier proceedings briefly after the arraignment.

(8) On August 2, 2023 the Plaintiff invoked his right to represent his-self as pro-per in the above criminal case and thereafter immediately filed a Motion to inspect the BWC footage and the allege "911 emergency traffic radio/ CAD report" on September 1, 2023 & Sept. 13, 2023

(9) Ms. Mercer did not oppose to the Plaintiff's Motion to inspect BWC footage and CAD report of the traffic Stop that led to his arrest, subsequently on September 25, 2023 the District court granted the Plaintiff's Motion

(10) Nevertheless when the Defendant(s) disclosed the allege BWC footage and CAD report: (A) the "evidence audit" that accompanies the BWC(s) was not Provided and (B) the "audio" of the allege "911 emergency traffic radio was not Provided on a CD/DVD" thus the Defendant(s) Violated the "Court's order and the Plaintiff's due process rights to inspect favorable evidence collectively"

(11) On December 5, 2024 the Plaintiff filed a motion to compel the "Evidence audit trail of the BWC(s) footage." However Ms. Mercer did not diligently make an effort to Provide the Audit trail which is relevant for the Plaintiff

to confirm which officers was operating the BWC(S) footage etc.

(12) MS. Mercer filed a opposition denying the plaintiff's request for the "BWC Evidence Audit trail" on 12/13/24 thereafter prejudice ensued.

(13) the Plaintiff had "initial arraignment on march 29, 2021" for his criminal Proceedings

(14) on October 1, 2021 Mercer allegedly provided the plaintiff's defense counsel full disclosure, however the CAD report and BWC footage of the traffic stop was not provided.

(15) on september 1, 2023 the plaintiff filed a motion to compel the BWC footage and the CAD report/radio traffic. Subsequently on Sep. 25, 2023 the court Granted the plaintiff's motion

(16) LVMPD and Mercer did not collectively produce evidence that accompanies BWC footage, and the CAD report, to wit, the "evidence audit trail" &"CD/DVD of the audio of 911 emergency call".

(17) Gollmer's "police report" that was made on "January 20, 21" was not produced untill "2023".

(18) the Brady material above in this claim was either altered and destroyed which is crual and unusual causing the plaintiff emotional distress violating his 8th Amendment of the U.S. Constitution

(19) The Brady material above in this claim was withheld from the plaintiff's counsel in criminal proceedings which hampered the plaintiff's counsel

from properly marshaling his case which violated the Plaintiff's "6th Amendment" to have the right of effective assistance of counsel and by the LVMPD & Mercer withholding evidence forced the Plaintiff's counsel to be ineffective in a circumstantial way thus LVMPD and Mercer violated the Plaintiff's "5th, & "14th Amendment" due process of the law rights of the "U.S. Constitution."

(20) the LVMPD and/or Ms. Mercer deprived the Plaintiff life, liberty, and property without equal fairness, or protection of the law, which is a violation of the plaintiff's constitutional rights.

**CLAIM 2**

1. State the constitutional or other federal civil right that was violated: 4th, 5th, ~~and~~ 8th & 14th Amendement of U.S. Constitution

2. **Claim 2**. Identify the issue involved. Check **only one**. State additional issues in separate claims.

☐ Basic necessities ☐ Medical care ☐ Mail
☐ Disciplinary proceedings ☐ Exercise of religion ☐ Property
☐ Access to the court ☐ Excessive force by officer ☐ Retaliation
☐ Threat to safety ☑ Other: Breach of duty, Negligence of BWC

3. **Date(s) or date range** of when the violation occurred: December 22, 2020.

4. **Supporting Facts**: State as briefly as possible the FACTS supporting Claim 2. Describe exactly what **each specific defendant (by name)** did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

(1) Defendant(S), Dougherty, Bauman, Mazon, Szukiewicz and Other Las Vegas Metro police Dept (LVMPD) officers failed to activate their body worn camera (BWC) upon their arrival to the traffic Stop involving the plaintiff on December 22, 2020.
(2) The Defendant(S), Dougherty and Bauman willfully and intentionally deactivated their BWC once they arrived to the traffic stop Prior to exiting their vehicle and coming into contact with the Plaintiff
(3) The Defendants and other LVMPD Officers Searched the Plaintiff and his Vehicle without their BWC(S) activated
(4) Defendants and/or other LVMPD officers did not activate their BWC while questioning the Plaintiff about unrelated reason of the Stop
(5) Defendants, Szukiewicz, Mazon, Dougherty and Bauman failed to activate their BWC during the initial encounter of the Plaintiff and Subsequent Searches that ensued.
(6) Defendant, Alexander did not write a report of the allege traffic infraction or allege 911 emergency Call, moreover

Alexander or Gollmer did not document the BWC(s) existence which is the reason the Plaintiff did not know that a BWC footage existed

(7) the Defendants breach of duty or/and negligence to activate their mandated BWC(s) which **deprived** the plaintiff and the court from reviewing the best evidence of what happend the day the Plaintiff was taking into custody

(8) The BWC footage would have been burden of proof to the plaintiff's claims however the plaintiff's claims are curtailed by the Defendants "**negligence and breach of duty to activate their BWC(s)**" which constitute a violation of the Plaintiff's "5th, & 14th Amendment of the U.S. Constitution to not be "deprived life, liberty, or property", without "fairness" of due process of the law, and "illegal search & seizure" causing "intentional or negligent infliction of emotional distress" by the loss of "body worn camera footage" violating the Plaintiff's "4th and 8th Amendment of the U.S. Constitution."

**CLAIM 3**

1. State the constitutional or other federal civil right that was violated: 4th, 5th, and 14th Amendment of the U.S. Constitution

2. **Claim 3**. Identify the issue involved. Check **only one**. State additional issues in separate claims.

☐ Basic necessities ☐ Medical care ☐ Mail

☐ Disciplinary proceedings ☐ Exercise of religion ☐ Property

☐ Access to the court ☐ Excessive force by officer ☐ Retaliation

☐ Threat to safety ☑ Other: Warrantless and illegal Search.

3. **Date(s) or date range** of when the violation occurred: December 22nd, 2020.

4. **Supporting Facts**: State as briefly as possible the FACTS supporting Claim 3. Describe exactly what **each specific defendant (by name)** did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

① During the initial encounter and Search of the Plaintiff person, Defendant(s), Mazon, Szukiewicz ~~collected~~ and Bauman collected "two cellular Phones" from the plaintiff's Pants packet

② Kowalski Subsequently Seized the Plaintiff's two cell Phones after the defendants collected the cell phones

③ The plaintiff cell phone did not require a passcode or Pin-number to enter and view digital data

④ Kowalski immediately entered the Plaintiff's cell Phone and accessed and Searched plaintiff's digital data without an anticipatory Search Warrant

⑤ Mazon's Axon-BWC footage at 1:01:39 into it depict Kowalski entering the Plaintiff's Vehicle-driverside-door to conduct a Search on the plaintiff's vehicle before it was Sealed.

⑥ Kowalski tampered with the Plaintiff's cell Phone and then Searched the Vehicle and Placed ~~#~~ one of the Plaintiff's Cell Phones in the Vehicle

⑦ Defendant(s) Dougherty, Bauman and Other LVMPD Officers

**If you assert more than three claims, answer the questions listed above for each additional claim on a separate page.**

search the plaintiff's vehicle without an anticipatory search warrant.

(8) Dougherty, Bauman and other LVMPD officers search the plaintiff's vehicle briefly after the plaintiff was apprehended at the traffic stop.

(9) Kowalski, Dougherty, Bauman and other LVMPD ofc(s) possibly planted or discovered a firearm in the vehicle during their warrantless search which gave them motive to seal and tow the plaintiff's vehicle.

(10) Dougherty, Kowalski and Bauman conducted searches on the plaintiff's property prior to allege search warrant being issued upon probable cause.

(11) Defendants searched the plaintiff's cell phone, and vehicle without probable cause constituting illegal search & seizure which violates the plaintiff's 4th Amendment of the U.S. Constitution

(12) Defendants searched the plaintiff's cell phone, and vehicle without a search warrant tainting allege evidence, and depriving the plaintiff his property rights without due process of the law constituting violation of the 5th Amendment and fairness/equal protection of the law under the 14th Amendment of the U.S. Constitution

## CLAIM 4

1. State the constitutional or other federal civil right that was violated: 4th, 5th, and 14 Amendment of the U.S. Constitution

2. **Claim 4.** Identify the issue involved. Check **only one**. State additional issues in separate claims.

☐ Basic necessities ☐ Medical care ☐ Mail
☐ Disciplinary proceedings ☐ Exercise of religion ☐ Property
☐ Access to the court ☐ Excessive force by officer ☐ Retaliation
☐ Threat to safety ☑ Other: NO Probable Cause.

3. **Date(s) or date range** of when the violation occurred: December 22nd, 2020.

4. **Supporting Facts**: State as briefly as possible the FACTS supporting Claim 4. Describe exactly what **each specific defendant (by name)** did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

(1) on December 22, 2020 the Defendant Alexander did not have Probable cause (P.C.) or reasonable Suspicion Supported by articulable facts that the Plaintiff was involved in ~~any~~ allege Criminal activity that occurred on "12/13/20 Pursuant to Event #LLV20120005-4419"

(2) on 12/22/20 at approximately 2100 hours Alexander conducted a traffic stop on the plaintiff's vehicle for allege Surrendered N.V. plate - Pursuant to event #LLV201200095382

(3) Alexander' is heard on his BWC-audio at 1:45 into the footage before the stop Stating: "there's no P.C., no P.C., no homicide Charges for anything, do a regular car stop write off baker."

(4) Alexander did not complete the investigation which warrant stop such as check the registration tag on the plate and the VIN, moreover the plaintiff told the Defendant that his registration tag was valid and he possessed ownership of the vehicle etc.

(5) Alexander did not pursue ~~that~~ the allege traffic infraction and delayed the Stop to investigate an unrelated circumstances Pursuant to Event #LLV201200054419

(6) Pursuant to Alexander's BWC footage at 8:39 into it, an LVMPD Ofc. is heard demanding Alexander to: "Delay it, slow role it like you doing a regular traffic stop, write off a baker where we can own it and hook him up for traffic in-shh..."

(7) The traffic stop was used as pretext to investigate a near by incident that occurred on 12/13/20 pursuant to Event # 201200054419

(8) The CAD report pursuant to Event # 201200054419 do not provide a detailed description of a vehicle or suspect thereof prior to arresting the plaintiff, for event above.

(9) NO License plate # of a suspected vehicle was provided pursuant to event # 201200054419 prior to stopping the plaintiff.

(10) All LVMPD's witnesses and/or Defendant Gollmer's documentation do not provide a description of a suspect or a suspect vehicle other then a "black vehicle" pursuant to event # 201200054419. See "Gollmer's 12/17/20 affidavit."

(11) Nevertheless the plaintiff was arrested for event # 201200054419 without any warrant or probable cause but LVMPD temporary custody record depict that the plaintiff was arrested for "(P.C.)" at "22:00 on 12/22/20"

(12) Pursuant to Alexander's BWC footage at 14:15 into it while the plaintiff was being apprehended, and at 2140 hours, Alexander is heard stating: "You have traffic warrants", briefly after his BWC is deactivated.

(13) Alexander did not document a "required Gerstein report" regarding the traffic stop due to his bad faith of no P.C.

(14) Alexander did not issue a citation or take the Plaintiff before the proper magistrate for the allege traffic warrants without unnecessary delay.

(15) Alexander Created event # LLV201200095382 but did not "document a Gerstein report, or issue a citation regarding the traffic stop arrest based on his lack of Probable cause"

(16) Alexander violated the plaintiff's 4th Amendment - to be free from unreasonable search & seizure unless there is probable cause as well as Gollmer.

(17) Alexander Violated the plaintiff's 5th Amendment to ~~be~~ not be deprived life, liberty, or property without due process of the law

(18) Alexander Violated the Plaintiff's 14th Amendment - to be entitled to fairness and equal protection of the law

(19) Gollmer violated the plaintiff's 4th, 5th, and 14th Amendment by: (1) making a warrantless arrest without probable cause, (2) depriving the plaintiff his life, liberty, and property without due process of the law and (3) treating him unfairly ~~and~~ which denied the plaintiff equal protection of the law.

(20) There were no articuable facts of a suspect or a suspect vehicle of the allege crime that occurred on December 13, 2020 and/or prior to the traffic stop of the Plaintiff on December 22, 2020; thus LVMPD violated the Plaintiff's substantial rights for arresting the plaintiff without Probable cause (P.C.) etc on 12/22/20.

## CLAIM 5

1. State the constitutional or other federal civil right that was violated: 5th and 14th Amendment of the U.S. Const.

2. **Claim 5** Identify the issue involved. Check **only one.** State additional issues in separate claims.

   - ☐ Basic necessities
   - ☐ Medical care
   - ☐ Mail
   - ☐ Disciplinary proceedings
   - ☐ Exercise of religion
   - ☐ Property
   - ☐ Access to the court
   - ☐ Excessive force by officer
   - ☐ Retaliation
   - ☐ Threat to safety
   - ☑ Other: Negligence of Miranda.

3. **Date(s) or date range** of when the violation occurred: December 22,&23,2020

4. **Supporting Facts**: State as briefly as possible the FACTS supporting Claim 5. Describe exactly what **each specific defendant (by name)** did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

① on December 22,2020 the Plaintiff was seized by Mazon, Bauman, and Szukiewicz

② When the plaintiff was apprehended by Defendant(s) Mazon, Bauman, and Szukiewicz, the plaintiff was not advised Miranda warning

③ The plaintiff was taking into custody for allege "traffic warrants" according to Alexander - see BWC footage

④ The allege "traffic warrants" was used as pretext to question the plaintiff for an unrelated Crime that occurred near by, on December 13, 2020.

⑤ The Defendants' lack probable Cause to arrest or question the plaintiff for an unrelated crime that occurred on Dec. 13, 2020

⑥ Defendants conducted a custodial interrogation with the plaintiff without prior safeguards of Miranda warnings.

⑦ The Defendants ask the plaintiff questions regarding his vehicle without the safeguard of Miranda warnings.

**If you assert more than three claims, answer the questions listed above for each additional claim on a separate page.**

(8) The Defendants ask the plaintiff questions regarding where he lived without the safequards of Miranda warning

(9) The Defendants ask the Plaintiff multiple incriminating statments without Miranda warnings being administered

(10) At approximately 2300 hours on December 22, 2020 the Defendants advised the Plaintiff his Miranda rights which the Plaintiff invoked his right to remain Silent.

(11) on December 23, 2020 at approximately 12:00 A.M. the Plaintiff was transferred to LVMPD by the Defendants

(12) After the plaintiff was transferred to LVMPD Headquaters, Defendant(s), Gollmer and kowalski conducted a Second custodial interrogation on the Plaintiff after the Plaintiff previously invoked his right to remain Silent.

(13) The Defendants Violated the Plaintiff's 5th Amendment of the U.S. Constitution by "conducting a custodial interrogation without mirandizing him prior to questioning."

(14) The Defendants Violated the Plaintiff's 5th Amendment of the U.S. Const. by conducting a "second custodial interrogation on Dec. 23, 2020 after the Plaintiff invoked his right to remain silent on Dec. 22, 2020."

(15) The Defendants violated the Plaintiff's 5th & 14th

Amendment of the United States constitution by (A)"depriving the Plaintiff equal protection of the law" & (B)"depriving the Plaintiff life, property, and liberty without the requirements of due process of the law," constituting "negligence" on the Defendants behalf.

**CLAIM 6**

1. State the constitutional or other federal civil right that was violated: 4th, 5th, 8th, and 14th Amendment of the U.S. constitution

2. **Claim 6** Identify the issue involved. Check **only one**. State additional issues in separate claims.

☐ Basic necessities ☐ Medical care ☐ Mail

☐ Disciplinary proceedings ☐ Exercise of religion ☑ Property

☐ Access to the court ☐ Excessive force by officer ☐ Retaliation

☐ Threat to safety ☑ Other: Stealing money during Search/Deceit

3. **Date(s) or date range** of when the violation occurred: 12/22/20 - 12/28/20.

4. **Supporting Facts**: State as briefly as possible the FACTS supporting Claim 6 Describe exactly what **each specific defendant (by name)** did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

① The plaintiff was arrested by LVMPD ofc. Alexander # 15223 on 12/22/20

② when the plaintiff was arrested additional LVMPD ofc(s) to wit, Defendants, Mazon, Szukiewicz, Bauman and Dougherty Searched the Plaintiff's Person

③ During the initial Search of the plaintiff's pockets the Defendants above Seized $2,500 from the Plaintiff

④ when the plaintiff was booked into Clark county detention center, he was processed with $0.00 on December 23, 2020

⑤ No property report regarding the $2,500 cash was made by the LVMPD Defendant(s)

⑥ Approximately 6-days after the plaintiff was booked and processed into the CCDC system, on December 28, 2020 $772.00 was processed into the plaintiff's inmate trust account

⑦ The LVMPD Defendant(s) stole approximately $1,800

cash from the plaintiff because the plaintiff possessed 2,500$ cash on his person during the initial search.

⑧ thus the plaintiff should have been processed into the clark county detention center and booked for $ 2,500, and not $772,00

⑨ NO LVMPD property form for the missing 1,800$ was not procedurally made.

⑩ when the plaintiff was booked on 12/23/20 into CCDC his $ 2,500 cash should have immediately been process into the plaintiff's inmate trust account

⑪ the LVMPD Defendants did (1) illegal search by stealing the plaintiff's cash (2) depriving the plaintiff his $ 2,500 property without due process of law (3) causing the plaintiff pain & suffering from the stolling cash and (4) denying the plaintiff equal protection of the law and due process of the law which the LVMPD Defendant(s) herein this claim violated the plaintiff's 4th, 5th, 8th, and 14th Amendments of the U.S. constitution based upon the above # 1-4

## E. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while incarcerated? ☑ Yes ☐ No
2. Has this Court or any other court designated you as subject to "three strikes" under 28 U.S.C. § 1915(g)? ☐ Yes ☑ No
3. If you have "three strikes" under 28 U.S.C. § 1915(g), does this complaint demonstrate that you are "under imminent danger of serious physical injury?" ☐ Yes ☑ No

## F. REQUEST FOR RELIEF

I believe I am entitled to the following relief: "Monetary damages $50,000" from each Defendant, to wit, Alexander, Dougherty, Mazon, Szukiewicz, & Bauman for breach of due care and duty to activate their BWC(s) during the custodial interrogation & search and seizure of the Plaintiff & his vehicle. "Monetary damages of $50.000" for loss of Property & Stealing money. "Monetary damages of $ 50.000" for breach of contract of discovery. "Compensatory damages of $1,000,000" for loss of liberty causing Pain & Sufferring without due process of the law.

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** *See* 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

Aaron Quincy Ingram
(name of person who prepared or helped prepare this complaint if not the plaintiff)

[signature] U.C.C. 1-308
(signature of plaintiff)

8/17/25
(date)

## ADDITIONAL PAGES

You must answer all questions concisely in the proper space on the form. Your complaint may not be more than 30 pages long. It is not necessary to attach exhibits or affidavits to the complaint or any amended complaint. Rather, the complaint or any amended complaint must sufficiently state the facts and claims without reference to exhibits or affidavits. If you need to file a complaint that is more than 30 pages long, you must file a motion seeking permission to exceed the page limit and explain the reasons that support the need to exceed 30 pages in length.