Aaron Q. Ingram #2000054892
Clark County Detention center
330 South Casino Center
Las Vegas N.V. 89101
(Plaintiff) (Pro-se)

✓ FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD
OCT 16 2025
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: ______ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Aaron Ingram
Plaintiff,

VS.

1.) Elizabeth A. Mercer ET AL.
2.) James Gollmer
3.) Michael Alexander
4.) Chad Dougherty
5.) Brain Kowalski
6.) Andrew Bauman
7.) Gabriel Mazon
8.) Alexander Szukiewicz
9.) Alex Marquez
10.) Steven B. Wolfson ET AL.
11.) Las Vegas metro police Dept ET AL.
12.) Eighth Judicial Dist. Court, Clark County
Defendant(s)

Case No. 2:25-CV-001565-CDS-EJY

CIVIL RIGHTS COMPLAINT

☑ First Amended Complaint
☑ Jury Trial Demanded

## A. JURISDICTION

1.) This Court has jurisdiction over this action pursuant to:
☑ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983

2.) Plaintiff Currently resides: Clark County Detention center

3.) City where violation(s) occurred: Las Vegas, Nevada

# B. DEFENDANTS

1.) Elizabeth Mercer - Bar #010681, Employed as: District Attorney of Steven B. Wolfson office, Address: 200 Lewis Avenue, Las Vegas N.V. 89155-2212

2.) James Gollmer P#13429, Employed as: LVMPD, Address: 400 S. Martin L. King Blvd Las Vegas N.V. 89106

3.) Michael Alexander P#15223, Employed as: LVMPD, Address: 400 S. Martin L. King Blvd, Las Vegas N.V. 89106

4.) Chad Dougherty P#15721, Employed as: LVMPD, Address: 400 S. Martin L. King Blvd, Las Vegas N.V. 89106

5.) Brain Kowalski P#8550, Employed as: LVMPD, Address: 400 S. Martin L. King Blvd Las Vegas N.V. 89106

6.) Andrew Bauman P#9982, Employed as: LVMPD, Address: 400 S. Martin L. King Blvd, Las Vegas N.V. 89106

7.) Gabriel Mazon P#18373, Employed as: LVMPD, Address: 400 S. Martin L. King Blvd, Las Vegas N.V. 89106

8.) Alexander Szukiewicz P#16120, Employed as: LVMPD Address: 400 S. Martin L. King Blvd, Las Vegas N.V. 89106

9.) Alex Marquez P#6250, Employed as: LVMPD, Address: 400 S. Martin L. King Blvd, Las Vegas N.V. 89106

10.) Steven B. Wolfson D.A. office, Employed as: D.A. Office Address: 200 Lewis Ave, Las Vegas N.V. 89101

11.) Las Vegas Metro police Dep't, Employed as: LVMPD, Address: 400 S. Martin L. King Blvd, Las Vegas N.V. 89106

12.) Eighth Judicial Dist. court, Clark county, Employed as: court, Address: 200 Lewis Ave, Las Vegas N.V. 89101

# C. NATURE OF CASE

On December 22, 2020 the plaintiff was stoped by LVMPD Defendant Alexander pursuant event #LLV201200095382. The plaintiff was arrested for allege traffic warrant after Alexander delayed the traffic stop for an unrelated investigation other then the traffic stop.

When plaintiff was being searched an Defendant did unreasonable search on the plaintiff's cell phone.

LVMPD did unreasonable search on the plaintiff vehicle discovered an firearm and then subsequently obtained an search warrant for an unrelated event.

Thereafter the plaintiff was arrested for an unrelated event, pursuant to event #LLV201200054419 that allegedly occurred on 12/13/20.

The plaintiff was questioned without post-Miranda being advised. The plaintiff was arrested without P.C. for open murder or an arrest warrant on 12/22/20.

After the plaintiff's arraignment, Brady material, to wit, Police reports, Body worn camera(s) and CAD report of the plaintiff arrest from the traffic stop was concealed and ~~wit de~~ withheld for approximately 3-years. The plaintiff's Attorney never seen BWC footage or CAD report incident to the plaintiff's arrest. The plaintiff went pro-se in the eighth Judicial court and filed an motion to compel on 9/1/23, and 9/13/23. On 9/25/23 the court granted the plaintiff's motion for BWC and CAD reports.

## D. CAUSE(S) OF ACTION

### CLAIM 1

1. State the constitutional or other federal civil right that was violated: Sixth, Eighth, and Fourteenth Amendment of the united States Constitution

2. **Claim 1**. Identify the issue involved. Check **only one**. State additional issues in separate claims.

☐ Basic necessities ☐ Medical care ☐ Mail

☐ Disciplinary proceedings ☐ Exercise of religion ☐ Property

☐ Access to the court ☐ Excessive force by officer ☐ Retaliation

☐ Threat to safety ☑ Other: Fraud in the inducement.

3. **Date(s) or date range** of when the violation occurred: July 29, 2025.

4. **Supporting Facts**: State as briefly as possible the FACTS supporting Claim 1. Describe exactly what **each specific defendant (by name)** did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

① On April 15, 2025 the eighth Judicial district court, Dept. 10. GRANTED the Plaintiff's Pro-per Motion to inspect favorable evidence, to wit, the "evidence audit trail" that correspond to "body worn Camera(s) (BWC) regarding event # LLV201200095382"

② on July 17, 2025 the court ordered through and by the State attorney for the LVMPD to produce factual material of the "BWC(s) evidence Axon audit trail" within 30 days.

③ In response to the Court's order, on July 29, 2025 a e-mail was sent to: Toby2424@aol.com (the Plaintiff's private investigator) from: DoNotReply@LVMPD.Com regarding the BWC-Axon Audit Trail

④ on July 30, 2025 the Plaintiff's private investigator Came to visit and provide the Plaintiff the ~~Axon~~ allege Axon audit trail at the Clark county detention center

⑤ Nevertheless when the Plaintiff Scrutinized the allege Axon audit trail, he immediately noticed that the allege audit trail was manufactored and/or altered from its original format description and generated by LVMPD - Defendant "Alex Marquez"

⑥ The Plaintiff noticed that the allege audit trail provides no "Page

number" which is very odd, strange, irregular and appears to be fictitious

⑦ The plaintiff noticed that the allege audit trail's "dates" were incorrect and/or inaccurate

⑧ The plaintiff noticed several fatal defects on the allege Axon audit trail record that was e-mailed and provided by LVMPD

⑨ The allege Axon evidence audit trail that was generated and/or produced by LVMPD/Marquez is fabricated & fictitious to deceive, manipulate and/or mislead the plaintiff in his further litigation which is an fraudulent act

⑩ LVMPD and Marquez knowingly, intentionally, and willfully made misrepresentation of an material fact by producing altered ~~allege~~ Axon audit trail data which hampered the plaintiff's litigation which caused him (1)"mental affliction"(2) "pain and suffering" which is (3)"cruel and unusual" and violating the plaintiff's "eighth Amendment of the U.S. Const."

⑪ The district court GRANTED the plaintiff Motion to inspect favorable evidence, to wit, BWC(s) Axon audit trail data regarding the plaintiff's arrest of event #LLV201200093382 for his further litigation

⑫ However due to Marquez and Las Vegas Metro Police Dep't (LVMPD) malicious, willful, and intentional failure to provide material fact of the "Axon audit trail", and attempt to replace the Axon audit trail for an fabricated, & fictitious audit trail to be disclosed, or produced to the plaintiff and the court is an misrepresentation, fraud in fact and/or fraud in the the inducement which violates the plaintiff's (1)"right to prepare & have a fair trial" under the Sixth Amendment of the U.S. Const. &

(2) "due Process of fairness and equal protection of the law" under the <u>fourteenth Amendment of the U.S. Const.</u>

**CLAIM 2**

1. State the constitutional or other federal civil right that was violated: Sixth, eighth, and fourteenth Amendment of the united States constitution

2. **Claim 2**. Identify the issue involved. Check **only one**. State additional issues in separate claims.

☐ Basic necessities ☐ Medical care ☐ Mail

☐ Disciplinary proceedings ☐ Exercise of religion ☐ Property

☐ Access to the court ☐ Excessive force by officer ☐ Retaliation

☐ Threat to safety ☑ Other: Spoilation of Audit trail Records.

3. **Date(s) or date range** of when the violation occurred: July 29, 2025.

4. **Supporting Facts**: State as briefly as possible the FACTS supporting Claim 2. Describe exactly what **each specific defendant (by name)** did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

① on July 17, 2025 the eighth Judicial district court ORDERED the Las vegas metro police Dep't (LVMPD) to Produce the "body worn cameras (BWC(s)) Axon audit trail" within 30 days based upon the evidence being foreseeable & material to the Plaintiff's litigation
② Thus LVMPD had an obligation to disclose the true, accurate, and correct Axon audit trail to the Plaintiff
③ However on July 29, 2025 the Defendant(s), "LVMPD" and/or "Alex Marquez" Sent an e-mail to the Plaintiff's private investigator regarding the court's ORDER above in response.
④ The Defendant(s), Marquez and/or LVMPD Sent an e-mail under "DoNotReply"@ LVMPD.com, nonetheless in that e-mail disclosed documentations of "fictitious Axon evidence audit trails"
⑤ The allege Axon audit trail that was provided by marquez and/or LVMPD is prejudicial to the Plaintiff based upon the intentional Spoilation of the authentic Axon audit trail to disclosed an altered fraudulent Axon audit trail.
⑥ LVMPD had an legal obligation under the Court's Order to disclose the authentic and relevant BWC's Axon audit trail for the

Plaintiff's further litigation.

⑦ It is "deceitful" for Marquez and/or LVMPD to intentionally and willfully in bad faith: (1) conceal (2) destroy (3) alter material evidence that is (4) foreseeable and (5) relevant to the plaintiff's ongoing litigation

⑧ It is prejudicial for Marquez and/or LVMPD to knowingly, intentionally & willfully deprive the plaintiff (1) foreseeable & (2) relevant material evidence for the purpose to hide & privide: (3) altered (4) spurious (5) bogus or (4) counterfeit Axon audit trail to: (6) disrupt (7) hamper and/or (8) mislead the plaintiff in his further litigation.

⑨ The Defendant(s) fraudulent concealment of the Axon audit trail constitutes: spoilation of a material fact record which is highly prejudicial to the plaintiff and deprives him: (1) "a fair trial and/or preparation for trial, motions etc." which violates his "Sixth Amendment of the U.S. Const" (2) "equal protection of the law & fairness of due process", which violates his "fourteenth Amendment of the U.S. Const." and (3) causing him "emotional distress" to properly litigate his case due to the loss, concealed, or destroyed audit trail data violating his eighth Amendment of the U.S. Const.

⑩ The Plaintiff seeks relief for the spoilation of the evidence audit trail that accompanies the BWC's footage, based upon the missing evidence is of (1) such a nature that the plaintiff would be unable to obtain comparable evidence and (2) confirmation of the BWC(s) footage by any other reasonable available means.

## CLAIM 3

1. State the constitutional or other federal civil right that was violated: Sixth, Eighth, and Fourteenth Amendment of the United States Constitution.

2. **Claim 3**. Identify the issue involved. Check **only one**. State additional issues in separate claims.

   ☐ Basic necessities ☐ Medical care ☐ Mail
   ☐ Disciplinary proceedings ☐ Exercise of religion ☐ Property
   ☐ Access to the court ☐ Excessive force by officer ☐ Retaliation
   ☐ Threat to safety ☑ Other: Breach of Duty.

3. **Date(s) or date range** of when the violation occurred: July 29, 2025.

4. **Supporting Facts**: State as briefly as possible the FACTS supporting Claim 3. Describe exactly what **each specific defendant (by name)** did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

① The Defendants, "LVMPD" and "Marquez" breached their duty by failing to provide Brady Material, to wit, body worn Camera's Axon audit trail that coincides with the Plaintiff's arrest on December 22, 2020

② LVMPD and Marquez failed to turn over the BWC's audit trail respectfully & accordingly to the court's order which is an breach of duty.

③ LVMPD and Marquez breached their duty by intentionally or unintentionally producing an altered Axon audit trail through e-mail

④ LVMPD and Marquez disclosed an altered, and fictitious Axon audit trail to: (1) mislead (2) deceive and (3) deprive the Plaintiff from his further litigation in Criminal court

⑤ LVMPD and Marquez failed to perform a duty owed to the Plaintiff for his further litigation

⑥ LVMPD and marquez breach their duty for failing to Produce Correct, accurate and proper Axon audit trail to the Plaintiff

⑦ LVMPD and Marquez breached their duty to Comply with the

**If you assert more than three claims, answer the questions listed above for each additional claim on a separate page.**

Court's order and the plaintiff's motion to inspect favorable evidence, to wit, BWC(S) Axon audit trail

⑧ LVMPD and Marquez provided an fictitious audit trall which is an misrepresentation of an material fact and unduly prejudicial to the plaintiff rights to inspect favorable evidence thats relevant to his litigation.

⑨ LVMPD and Marquez breached their duty which caused "violations" to the plaintiff's: (1) Fourteenth Amendment - right to be entitled to due process & equal protections of the law (2) Sixth Amendment - for concealing, altering, and/or destroyed evidence which deprived him the right to prepare for an fair trial and (3) eighth - Amendment of the U.S. Const. - causing the plaintiff emotional distress due to the loss of evidence and breach of duty of the Defendant(s).

## CLAIM 4

1. State the constitutional or other federal civil right that was violated: Sixth Amendment and ~~[illegible]~~ Fourteenth Amendment Of the U.S. Constution

2. **Claim 4.** Identify the issue involved. Check **only one**. State additional issues in separate claims.

☐ Basic necessities ☐ Medical care ☐ Mail

☐ Disciplinary proceedings ☐ Exercise of religion ☐ Property

☐ Access to the court ☐ Excessive force by officer ☐ Retaliation

☐ Threat to safety ☑ Other: Fraud on the court.

3. **Date(s) or date range** of when the violation occurred: 1/8/25 - 7/29/25.

4. **Supporting Facts**: State as briefly as possible the FACTS supporting Claim 4. Describe exactly what **each specific defendant (by name)** did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

① on 1/8/25, the 8th Judicial Dist. Court Pursuant to case No. C-21-353-886-1, refused to grant the Plaintiff's motion to compel the body worn camera's - Axon audit trail for further litigation

② Thus on 3/5/25, the Plaintiff filed a request for leave to rehear motion to compel favorable evidence, to wit, BWC(S) Audit trail

③ on 3/26/25, the court held a hearing regarding the Plaintiff's request for BWC's evidence axon audit trail, thereafter the court advised the Plaintiff that a written decision will be decided from the Chambers

④ on 4/15/25, the Court GRANTED the Plaintiff's motion from the Chambers but advised the Plaintiff that he must submit an order to be served on the LVMPD and must be submitted within 10-days from the date above

⑤ The Plaintiff immediately within 10-days submitted an order to be served to the LVMPD by via mail to the Clark and magistrate on 4/22/25. However the Clerk of the court did not file the Plaintiff's order untill approximately 3-months on "7/14/25," which the record state that it was "filed in open court" which is inaccurate and

an misrepresentation by the Clerk of the eighth Judicial dist. court. The Plaintiff did not have a court date for 7/14/25.

⑥ After the Plaintiff submitted his order to compel the LVMPD BWC's evidence audit trail, the court (1) negligently or (2) intentionally delayed due process of the court proceedings for approximately "5-months" before ordering the LVMPD to turn over the allege audit trail of the BWC'S Pursuant to event # LLV201200095382 - Plaintiff's arrest

⑦ The plaintiff believes that the 8th Judicial district court was (1) aiding and abetting the LVMPD and Mercer by (2) Knowingly delaying due process to disclose to (3) give LVMPD time to fabricate an fictitious Axon audit trail

⑧ When the plaintiff requested the BWC audit trail, the Def. Mercer acted in bad faith to locate and provide the audit trail by any means and denied his request.

⑨ on 7/17/25, allegedly Mercer filed an order for LVMPD to Compel audit trail within 30-days, after denying the Plaintiff request

⑩ The court prejudiced the plaintiff by (1) assisting LVMPD and/or Mercer to commit fraud by (2) providing misrepresentation of a material fact of an audit trail to (3) deceive and mislead the plaintiff in his future litigation

⑪ The court prejudiced the plaintiff unduly by (1) delaying the court process to execute plaintiff's order, which (2) caused the LVMPD or marquez to alter audit trail & (3) untimely produce, which is now interfering with the Judicial system based upon "fraud on the court and violation of the plaintiff's <u>Sixth</u>, and <u>Fourteenth Amendments of the U.S. Const:</u> to have the

right to conduct his own defense as necessary to have a fair trial under the due process clause."

(12) the eighth Judicial district court intentionally Knowingly and willfully delayed due process of the court proceedings "for LVMPD to alter an fictitious audit trail regarding the body camera footages and untimely produce", which prejudiced and injured the plaintiff's defense in the above court "to properly prepare for trial and/or pre-trial motions", which violates the plaintiff's sixth and Fourteenth Amendment of the U.S. const.

**CLAIM 5**

1. State the constitutional or other federal civil right that was violated: Fourth, Fifth, and Fourteenth Amendment of the U.S. Const.

2. **Claim 5**. Identify the issue involved. Check **only one**. State additional issues in separate claims.

☐ Basic necessities ☐ Medical care ☐ Mail

☐ Disciplinary proceedings ☐ Exercise of religion ☐ Property

☐ Access to the court ☐ Excessive force by officer ☐ Retaliation

☐ Threat to safety ☑ Other: No probable cause to arrest.

3. **Date(s) or date range** of when the violation occurred: December 22nd, 2020.

4. **Supporting Facts**: State as briefly as possible the FACTS supporting Claim 5 Describe exactly what **each specific defendant (by name)** did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

(1) The Defendant, Alexander M. Conducted a traffic stop for allege Surrendered N.V. Plate on Dec. 22, 2020 at approximately 2126 hours and made contact with the Plaintiff
(2) The plaintiff advised Alexander that he possessed the title to show ownership of the vehicle, ~~and~~ DMV documentation of permission to drive due to covid-19, and insurance paperwork in the trunk. moreover the registration tag on the license plate was valid at the time of the traffic stop.
(3) Alexander told the plaintiff that the paperwork was no help due to it being in the trunk
(4) Alexander asked the plaintiff for his identification and the passenger's too and proceeded back to his patrol vehicle
(5) Alexander proceeded back to his vehicle without completing the traffic mission such as checking the registration sticker on the license plate and the VIN etc.
(6) Alexander did not investigate what warranted the stop only to delay and pursue an unrelated event that he had no probable

**If you assert more than three claims, answer the questions listed above for each additional claim on a separate page.**

cause (P.C) for.

(7) Pursuant to event # LLV201200095382, Alexander is heard on his "body worn camera (BWC) audio prior to the stop at >1:45> into the footage" Stating: (There's no P.C., no P.C. no charges for anything, do regular car stop write off baker)

(8) Pursuant to Alexander's BWC footage at 8:39 into it, another LVMPD Ofc. is heard demanding Alexander to: ("Delay it, Slow role it like you doing a regular traffic stop, write off a baker where we can own it and hook him up for traffic in-shh..!") prior to that, at 7:10 into the footage LVMPD ofc. is heard over the radio stating: ("Homicide is on they way out keep him and the vehicle held") At 7:22 into the BWC, Alexander ask an ofc through the radio: ("Do you wont me to keep these guys in the dark? How many is in the car? Theres a passenger female, she has her work cloths on, I guess he was going to drop her off at work") At 9:09 an ofc. is heard on BWC audio stating: ("Dont pull him out untill one of the greens get there") At 11:37 an ofc. is heard on raidio from BWC audio stating: ("This is a homicide case lets just sit em in the car till homicide arrives")

(9) At 9:40 P.M. additional officers, such as Defendant(s) Mazon, Szukiewicz, Bauman, Dougherty, Kowalski and Gollmer and other LVMPD arrived to the traffic stop. see Alexander's BWC footage at 13:10 - 14:15 which depict their arrival.

(10) After approximately 14-minutes into the stop, the plain-

tiff was demanded to exit the vehicle at gun-point, subsequently placed in handcuffs and taking into custody while being advised that he had allege traffic warrant

(11) The BWC's and CAD report is offer of proof that the plaintiff was not an imminent risk, harm, or a threat to the public or the Defendant(s), which justify probable cause.

(12) There was (1) no exigent circumstances (2) no physical signs of danger and (3) no emergency necessitated immediate police action

(13) However apparently the Plaintiff was arrested for an unrelated shooting event that ~~allege~~ occurred nearby allegedly on December 13, 2020

(14) the Plaintiff was arrested for event #LLV201200054419 without an warrant on "12/22/20 at 2200 hours" for "open murder" according to documentation.

(15) The Las Vegas Metro Police Dep't (LVMPD) temparary custody record (TCR) indicate that the plaintiff was arrest under event #LLV201200054419 for probable cause (P.C.)

(16) Prior to the arrest and/or traffic stop on 12/22/20 the Defendant(s) did not have any articulable facts of (1) a description of a suspect other then a "male" (2) a suspect vehicle (make and model) other then a "black vehicle" and moreover (3) no witnesses provided relevant information or leads for a suspect and could not identify a suspect that was shown to them regarding event #201200054419 - see "Det. Gollmer's 12/17/20 affidavit."

(17) Defendant Alexcander intiated the traffic stop, then held the plaintiff ~~the Plain~~ for approximately 15-minutes untill other

Defendants arrived

(18) Defendant Alexander did not issue a Citation or take the Plaintiff before the proper magistrate for the allege traffic warrant without unnecessary delay.

(19) Defendant Alexander did not document a Gerstein report or take additional administrative steps Justifying his actions based upon his lack of probable cause (P.C.) and/or reasonable suspicion.

(20) The Defendant(s) arrived to the traffic stop with their BWC deactivated because there was no reasonable suspicion or probable cause that ensued.

(21) The Defendant Alexander Violated the Plaintiff fourth Amendment, 5th Amendment, and 14th Amendenent of the U.S. Const. by making arrest without: (1) no probable cause (2) not advising Plaintiff Miranda (3) depriving the Plaintiff liberty and life without due process of the law and equal protection of the law, "intentionally and willfully."

(22) There is evidence that the Defendants did not have probable cause or reasonable suspicion and the allege traffic infraction was not investigated and delayed for a pretext of an unrelated event that Defendants lacked articulable facts and P.C. for thus Defendants Violated the Plaintiff substantial rights above.

CLAIM 6

1. State the constitutional or other federal civil right that was violated: Sixth, and Fourteenth Amendment of the U.S. Const.

2. **Claim 6.** Identify the issue involved. Check **only one**. State additional issues in separate claims.

☐ Basic necessities ☐ Medical care ☐ Mail

☐ Disciplinary proceedings ☐ Exercise of religion ☐ Property

☐ Access to the court ☐ Excessive force by officer ☐ Retaliation

☐ Threat to safety ☑ Other: Breach of duty / Negligence of BWC.

3. **Date(s) or date range** of when the violation occurred: December 22, 2020.

4. **Supporting Facts**: State as briefly as possible the FACTS supporting Claim 6. Describe exactly what **each specific defendant (by name)** did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

① Pursuant to Event #LLV201200095382, Defendant(s) Mazon, Szukiewicz, Bauman, Dougherty and other LVMPD Officers failed to activate their body worn cameras (BWC's) upon their arrival of the ensuing event above involving the Plaintiff's arrest

② Defendants, Dougherty and Bauman willfully, knowingly, and intentionally deactivated their BWC Prior to their arrival at the traffic stop and did not activate it when they came into contact with the plaintiff

③ Defendants did not activate their BWC's Prior to their initiated activities of assisting Def. Alexander

④ During the Search and Siezure of the Plaintiff's person none of the Defendants above had their BWC's activated

⑤ During the unreasonable search of the Plaintiff's vehicle at the traffic stop, none of the Defendant(s) above had their BWC's activated ensuing their actions or activities of their participation

⑥ Defendants above did not activate their BWC's while questioning

the plaintiff of an unrelated event etc.

⑦ After Alexander's BWC footage depict the plaintiff being put in handcuff, thereafter is no BWC footage of: (1) Defendants searching the plaintiff (2) Defendants interacting with the plaintiff (3) Defendants searching the plaintiff's vehicle and/or (4) any of the Defendants initiated activities thereof.

⑧ After Alexander's BWC footage at>14:15, depict the plaintiff being handcuffed, thereafter is no BWC footage of the plaintiff etc. for "more then an hour" thereon.

⑨ Defendants, Mazon, Szukiwicz, Bauman and Dougherty have a legal duty to use due care with their body worn camera while performing their task with the public or an suspect thus the breach of that duty was the proximate or legal cause of the resulting injury and actual loss or damage resulting from the breach of the duty of care

⑩ The BWC's is the best evidence and offer of proof to the plaintiff's claims herein however unfortunately the plaintiff's offer of proof is curtailed due to the Defendants breach of duty and/or negligence to record which violated the plaintiff's Sixth Amendment and Fourteenth Amendment of the United States const.

⑪ The loss of BWC footage injured the plaintiff's defense in his State case to properly prepare and conduct his own defense necessary to have a fair trial which is a violation of to the plaintiff under the Sixth Amendment and Fourteenth Amendment of the United States constution due process clause.

## D. CAUSE(S) OF ACTION

### CLAIM 7

1. State the constitutional or other federal civil right that was violated: Sixth, Eighth, & Fourteenth Amendment

2. **Claim 7.** Identify the issue involved. Check **only one**. State additional issues in separate claims.

- ☐ Basic necessities
- ☐ Medical care
- ☐ Mail
- ☐ Disciplinary proceedings
- ☐ Exercise of religion
- ☐ Property
- ☐ Access to the court
- ☐ Excessive force by officer
- ☐ Retaliation
- ☐ Threat to safety
- ☑ Other: Concealing Brady Material for 3 Years.

3. **Date(s) or date range** of when the violation occurred: 3/19/21 - 10/2/23.

4. **Supporting Facts**: State as briefly as possible the FACTS supporting Claim 7. Describe exactly what **each specific defendant (by name)** did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

① Defendant(s), Mercer, Gollmer and/or other LVMPD personnel who is investigating under the same ongoing criminal case pursuant to: C-21-353886-1, Dept 10, in the Eighth Judicial district Court
② Mercer, Gollmer and/or other LVMPD personnel deprived the Plaintiff Brady material incident to his arrest on December 22, 2020
③ Mercer, Gollmer and/or other LVMPD personnel knowingly, intentionally, and willfully concealed the electronic stored information (ESI), to wit, Body worn Cameras and CAD report that supposed to coincide with the Plaintiff's arrest on 12/22/20
④ Mercer, Gollmer and/or other LVMPD personnel withheld the ESI, to wit, BWC's and CAD reports of the traffic stop and subsequent search & seizure of the plaintiff on 12/22/20 of event #201200095382
⑤ Mercer, Gollmer and/or other LVMPD personnel concealed the BWC footage and CAD report that was incident to the plaintiff's arrest for approximately 3-Years
⑥ Mercer attempted several times to proceed to trial without disclosing the exculpatory BWC(s) and CAD report to the plaintiff's counsel

(7) The Plaintiff's defense counsel was never provided the BWC's footages and CAD report that was incident to the Plaintiff's punishment and/or arrest

(8) The Plaintiff's counsel was hamper and deprived litigation by the Defendants breach of duty of legal due care to disclose "Brady material" of the Plaintiff's arrest

(9) After the Plaintiff invoked his right to represent his-self as pro-se on August 2, 2023, thereafter the Plaintiff immediately filed a motion to inspect the BWC footage and CAD report incident to his arrest

(10) Nevertheless Mercer did not oppose to the Plaintiff's request for BWC footages and CAD report of the only evidence that show chain-of-custody of the Plaintiff's arrest

(11) on September 25, 2023 the court GRANTED the Plaintiff's request.

(12) It is not plausible that Mercer or Gollmer knew anything about the BWC footage and CAD report of the Plaintiff's arrest after the traffic stop made by Alexander on 12/22/20

(13) Mercer, and Gollmer withheld "*Brady material*, to wit, CAD report and BWC footage" due to "bad faith of the court proceeding going differently in earlier proceedings."

(14) The loss of this "Brady material" caused the Plaintiff (1) affliction of emotional distress - violating his <u>8th Amendment</u> (2) deprivation to properly prepare pre-trial motions and/or writs in earlier proceedings - violating his <u>6th Amendment</u> and (3) deprivation of equal protection of the law & due process of the law - violation of his <u>14th Amendment of the U.S. Constitution</u>.

CLAIM 8

1. State the constitutional or other federal civil right that was violated: Sixth, Eighth, and Fourteenth Amendment of the U.S. Const.

2. **Claim 8**. Identify the issue involved. Check **only one**. State additional issues in separate claims.

- ☐ Basic necessities
- ☐ Medical care
- ☐ Mail
- ☐ Disciplinary proceedings
- ☐ Exercise of religion
- ☐ Property
- ☐ Access to the court
- ☐ Excessive force by officer
- ☐ Retaliation
- ☐ Threat to safety
- ☑ Other: Racial misrepresentation.

3. **Date(s) or date range** of when the violation occurred: 5/31/24 - .

4. **Supporting Facts**: State as briefly as possible the FACTS supporting Claim 8. Describe exactly what **each specific defendant (by name)** did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

(1) Mercer knowingly implicated in her "material motions of statement of facts" that an "unknown male suspect" was an "black male" - regarding Event #LLV201200054419

(2) Elizabeth Mercer of the Steven B. Wolfson D.A. Office racial profiled the Plaintiff and acted with Scienter in her Pleadings of Statement of facts - regarding Event #LLV201200054419

(3) Mercer Stated: ("The person waiting was a "black male" seen wearing"...) Which do not Corroberate Defendant Gollmer declaration of arrest (DOA) or any of his Prior affidavits before an arrest was made.

(4) Gollmer's affidavit's Clearly State ("While a "male" was waiting at the door. The "male" was seen wearing"...)

(5) Gollmer's affidavit's and other documentations such as CAD report & witness statements regarding event # 201200054419, do not Provide an "detailed description of race" etc.

(6) Thus Mercer had knowledge of the statement's falsity before documenting it

(7) The "black male" Statement was intentionally, knowingly and willfully made to (1) mislead (2) decieve (3) influence and (4) Persuade

the magistrate, courts and/or the Jury.

(8) Mercer made misrepresentation intentionally and willfully in her material Motions of Statement of facts to the Magistrate which constitute professional misconduct

(9) Mercer knew the Plaintiff was a black male thus she (1) racially profiled the Plaintiff and (2) fabricated the "male" statement to "black male"

(10) The "black male" Statement made by Mercer was (1) bias (2) discriminating (3) prejudice (4) untrue and (5) professional misconduct ~~office~~ to racial profile the plaintiff by making misleading representation to achieve the results by any means

(11) Mercer damaged the Plaintiff, causing: (1) affliction of emotional distress - Violating the plaintiff 8th Amendment (2) prejudiced the plaintiff's right to have a fair trial - Violating his 6th Amendment, and violating his (3) 14th Amendment rights to be free from racial profiling, misrepresentation and to be entitled to due process & equal protection of the laws under the United States Constitution.

CLAIM 9

1. State the constitutional or other federal civil right that was violated: Sixth, and Fourteenth Amendment of the U.S. Const., & eighth Amendement

2. **Claim 9.** Identify the issue involved. Check **only one**. State additional issues in separate claims.

☐ Basic necessities ☐ Medical care ☐ Mail

☐ Disciplinary proceedings ☐ Exercise of religion ☐ Property

☐ Access to the court ☐ Excessive force by officer ☐ Retaliation

☐ Threat to safety ☑ Other: Breach of duty / Due process violation

3. **Date(s) or date range** of when the violation occurred: 8/14/25 – 12/22/20.

4. **Supporting Facts**: State as briefly as possible the FACTS supporting Claim 9. Describe exactly what **each specific defendant (by name)** did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

① Defendant Alexander made a traffic stop on the Plaintiff's Vehicle on 12/22/20 and made arrest for allege traffic warrants on
② While the plaintiff was arrested for allege traffic warrants, ~~at~~ he was arrested for open murder at the same time he was taking in to custody for allege traffic warrant
③ However the plaintiff was not advised that he was under arrest for open murder during his 2-hour detention by LVMPD.
④ Moreover on 8/14/25 the Plaintiff filed an motion to inspect favorable evidence, to wit, Alexander's police reports incident to the plaintiff's arrest
⑤ Nevertheless the Defendant Mercer and/or the steven B. Wolfson D.A. office filed an opposition to the Plaintiff's Brady request of Alexander's Police report, Stating that Defendant Alexander did not document a police report etc. following the Plaintiff's arrest
⑥ Alexander was responsible for the Search & Seizure of the Plaintiff on 12/22/20 regarding event #201200095382, however Alexander Breached his duty by failing to document his involvement

**If you assert more than three claims, answer the questions listed above for each additional claim on a separate page.**

(7) The plaintiff was seeking police reports etc. by Alexander for impeachment purposes and based upon it being Brady material

(8) Alexander breached due care to take procedural legal administrative steps to document the plaintiff's arrest and/or his version of the events.

(9) Alexander was the cause and effect of the plaintiff's arrest on 12/22/20

(10) Alexander was the impounding officer of the plaintiff's vehicle, thus he was entitled to take administrative steps such as making an (1) officer's report (2) Arrest report (3) crime report and/or other procedural report.

(11) Alexander violated due process by breaching his duty of legal due care, which presudiced the plaintiff Brady material and impeachment material at trial thus the plaintiff is deprived & hampered to prepare properly for a fair trial which is a violation of the plaintiff's <u>sixth</u>, and <u>Fourteenth Amendment of the United States constitution.</u>

(12) Alexander acted in bad faith to document the traffic stop because: (1) the registration sticker on the license plate was valid (2) the plaintiff possessed documentation sh such as (A) The title of the vehicle (inside trunk) (B) insurance (inside the trunk) and (C) paperwork from the DMV of permission to drive the vehicle, however Alexander did not let the plaintiff get the documentation out of the trunk for proof and "ofc(s) failed to inventory all the paperwork in the trunk listed above due to bad faith."

(13) Alexander was the cause and ~~the~~ effect of the plaintiff's cruel affliction pain and suffering which violated the plaintiff's <u>eighth amendment of the U.S. Const.</u> based upon making an unlawful traffic stop and not investigate the reason of stop, making an arrest of the ~~Plaintiff~~ and intentionally, willfully, and knowingly breach his duty to document an declaration of his version of event.

(14) Alexander acted in bad faith to document an report base upon him knowing the falsity of the stop, which caused him not to declare under oath an report that the plaintiff's would use to impeach him at trial, which infringed the plaintiff's <u>sixth Amendment</u> > to have a fair trial.

CLAIM 10

1. State the constitutional or other federal civil right that was violated: Fourth, Fifth, and Fourteenth Amendment of the U.S. Const.

2. **Claim 10** Identify the issue involved. Check **only one**. State additional issues in separate claims.

☐ Basic necessities ☐ Medical care ☐ Mail

☐ Disciplinary proceedings ☐ Exercise of religion ☐ Property

☐ Access to the court ☐ Excessive force by officer ☐ Retaliation

☐ Threat to safety ☑ Other: unreasonable & illegal searches.

3. **Date(s) or date range** of when the violation occurred: December 22, 2020.

4. **Supporting Facts**: State as briefly as possible the FACTS supporting Claim 10 Describe exactly what **each specific defendant (by name)** did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

① During the encounter and search and seizure of the Plaintiff's Person, Defendant(s), Mazon, Szukiewicz, Bauman, and Dougherty Collected "two Cell-Phones" and approximately "$ 2,500" from the Plaintiff's Person along with other Items

② Subsequently Defendant Kowalski seized the Plaintiff's two cell-Phones willfully without an Search warrant

③ The Plaintiff's cell Phone did not require a Passcode or Pin-number to unlock and view the digital data

④ Kowalski immediately entered the Plaintiff's cell Phone and accessed the digital data without an anticipatory search warrant

⑤ Kowalski did illegal Search on the Plaintiff's cell Phone digital data such as: (1) Social media (2) call log and (3) Photo gallery at the traffic Stop

⑥ there was no exigent circumstances to Search Plaintiff's cell-Phone, thus Kowalski search Plaintiff's cell Phone intentionally.

⑦ Defendant(s) Dougherty, mazon, Bauman, Szukiewicz and/or other LVMPD begin to search the Plaintiff's vehicle ~~without~~ at which

**If you assert more than three claims, answer the questions listed above for each additional claim on a separate page.**

point in time before an telephonic search warrant.
⑧ Defendants did illegal search on the Plaintiff's vehicle at the traffic stop willfully, knowingly, and intentionally.
⑨ Defendants at which ~~##~~ point in time discovered an firearm in the vehicle and thereafter requested an telephonic search warrant
⑩ Mazon's BWC footage at 1:01:39 into it (11:48 P.M.) Clearly captures Kowalski entering the plaintiff's driverside door of vehicle to (1) conduct a search (2) see the firearm that the other Defendants earlier discovered and (3) put one of the plaintiff's cell-phones in the vehicle before it was sealed with evidence tape and towed to their lab.
⑪ When the plaintiff was booked into Clark County detention center, he was processed with $ 0.00 on 12/23/20
⑫ The $ 2,500 that was seized from the plaintiff was missing and apparantly been stolling by LVMPD because no property report was made regarding the cash seized.
⑬ 6-days after the plaintiff was booked into the CCDC system, on Dec. 28, 2020 $ 772.00 was deposited into the plaintiff's inmate trust account, However $ 1,800 was missing and no property report made by LVMPD for the illegal seized or Stoling cash
⑭ Defendants searched the Plaintiff vehicle without an ① search warrant or consent which constitute unreasonable or illegal search ② Kowalski searched the plaintiff cell phone without exigent circumstances, probable cause, or search warrant which illegal search ③ moreover LVMPD seized $ 2,500 from the Plaintiff person but did not make an property report of the cash

or properly book the $2,500 during the Plaintiff's Process in Clark county detention center (CCDC) booking, Thus the Defendants Violated the Plaintiff's Fourth-Amendment > to be free from unreasonable searches, Fifth Amendment > not to be deprived life, liberty, or property without due process of the law and Fourteenth Amendment of the U.S. Const. > to be entitled fairness and equal protection of the law.

## E. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while incarcerated? ☑ Yes ☐ No

2. Has this Court or any other court designated you as subject to "three strikes" under 28 U.S.C. § 1915(g)? ☐ Yes ☑ No

3. If you have "three strikes" under 28 U.S.C. § 1915(g), does this complaint demonstrate that you are "under imminent danger of serious physical injury?" ☐ Yes ☑ No

## F. REQUEST FOR RELIEF

I believe I am entitled to the following relief: Compensatory Damages from each Defendant: $50,000, estimates 600,000$ and Punitive Damages: $25,000 from each Defendant estimates $300,000 thus the Plaintiff is requesting an additional total of $900,000 excluding any Special Damages such as attorney fees etc.

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** *See* 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

Aaron Q. Ingram
(name of person who prepared or helped prepare this complaint if not the plaintiff)

[signature] U.C.C. 1-308
(signature of plaintiff)

October 13th, 2025
(date)

## ADDITIONAL PAGES

You must answer all questions concisely in the proper space on the form. Your complaint may not be more than 30 pages long. It is not necessary to attach exhibits or affidavits to the complaint or any amended complaint. Rather, the complaint or any amended complaint must sufficiently state the facts and claims without reference to exhibits or affidavits. If you need to file a complaint that is more than 30 pages long, you must file a motion seeking permission to exceed the page limit and explain the reasons that support the need to exceed 30 pages in length.

Aaron Ingram #7763653
Clark County Detention center
330 S. casino center
Las vegas N.V. 89101

US POSTAGE

LEGAL

UNITED STATES DISTRICT COURT
Office of the Clerk
District of Nevada
333 Las vegas Blvd S RM 1334
Las vegas, N.V. 89101

____ FILED ____ RECEIVED
____ ENTERED ____ SERVED ON
COUNSEL/PARTIES OF RECORD

OCT 16 2025

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: ____________ DEPUTY