UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

AARON INGRAM

Plaintiff,

v.

ELIZABETH A. MERCER, et al,

Defendants.

Case No. 2:25-cv-01565-MMD-EJY

**REPORT and RECOMMENDATION**

Pending before the Court is Plaintiff's Application to proceed *in forma pauperis* ("IFP") and First Amended Complaint (the "FAC" or "Amended Complaint").  ECF Nos. 3, 6.  Because the Amended Complaint concerns events arising from and directly related to ongoing state court proceedings, the Court recommends Plaintiff's IFP be denied as moot and the FAC be dismissed without prejudice and without leave to amend.

## I.    Screening the First Amended Complaint

The Court screens Plaintiff's FAC under 28 U.S.C. § 1915(e)(2).  In screening the FAC, the Court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive § 1915 review, Plaintiff's FAC must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Courts liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

When considering whether Plaintiff's FAC is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to Plaintiff.  *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  Although

the standard under Federal Rule of Civil Procedure 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). Unless it is clear a complaint's deficiencies cannot be cured through amendment, a *pro se* plaintiff should be given leave to amend with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.    Discussion

### A.    Plaintiff's Amended Complaint.

Plaintiff alleges that on December 22, 2020, he was pulled over by LVMPD officer Alexander for a traffic stop that was a pretext for allowing other officers to arrive and arrest him for murder. ECF No. 6 at 3. Plaintiff says when he was searched without a warrant, officers found $2,500 in cash and two cell phones on his person. *Id*. at 27. Plaintiff maintains that at the time of the traffic stop, LVMPD lacked reasonable suspicion, probable cause, and or a warrant for the stop and subsequent arrest for murder. *Id*. Plaintiff contends when booked, his property listed no money despite the $2,500 taken from him by the officers at the time of the search. *Id*. at 28. While $772 appeared in Plaintiff's inmate trust account six days after his initial arrest, Plaintiff submits the remainder of the $2,500 was never accounted for. *Id*.

During ongoing state court criminal proceedings, Plaintiff alleges Deputy District Attorney Elizabeth Mercer ("Mercer"), Officer Gollmer ("Gollmer"), and other unidentified LVMPD employees withheld exculpatory evidence in violation of *Brady v. Maryland,* 373 U.S. 83 (1963).[1] *Id*. at 20. Specifically, Plaintiff says Mercer, Gollmer, and other unidentified individuals withheld and concealed body worn camera ("BWC") footage and reports from the traffic stop. *Id*. Plaintiff submits neither the BWC capturing his arrest nor the "CAD report" were disclosed to his defense

---

[1]    Plaintiff's criminal case is active and ongoing in the Eighth Judicial District Court ("EJDC") for Clark County, Nevada. The case number is C-21-353886. Although all filings described below appear on the state court docket, not all are assigned a docket number. This Court properly takes judicial notice of the docket in Plaintiff's state court case. Fed. R. Evid. 201(b)(2); *Headwaters Inc. v. United States Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005).

counsel and this hampered his defense. *Id*. Eventually Plaintiff terminated his defense counsel and started representing himself. *Id*.

Beginning on January 8, 2025, Plaintiff commenced filing motions in his state case seeking to compel BWC footage and "axon audit trail." *Id*. at 11. Plaintiff sought to inspect "evidence of [the] audit trail" corresponding to the BWC capturing his December 22nd arrest. *Id*. at 4. After initially denying Plaintiff's motion, the state court granted Plaintiff's motion to compel on April 15, 2025, ordering Plaintiff to "submit an order to be served on the LVMPD" within 10 days. *Id*. Plaintiff mailed an order on April 22, 2025; however, the proposed order was not logged by the Clerk until July 14, 2025—roughly three months after Plaintiff maintains he mailed the document. *Id*. at 11. Based on this delay, Plaintiff alleges the EJDC conspired with LVMPD and Mercer to delay proceedings and provide time for evidence to be manipulated. *Id*.

Eventually, the state court ordered production on July 17, 2025.[2] *Id*. at 4. Plaintiff alleges the audit trail was "manufactured and/or altered from its original format" by Defendant Alex Marquez. *Id*. Plaintiff notes the audit trail lacked page numbers and accurate dates that, according to Plaintiff, demonstrates alteration. *Id*. at 4-5. A jury trial is set for June 22, 2026.

Liberally construed, the Court finds Plaintiff alleges Mercer made false statements throughout pretrial proceedings. *Id*. at 22. Plaintiff further maintains that affidavits and witness statements from the murder investigation implicate a "male" but do not describe his race. *Id*. Nonetheless, Mercer repeatedly characterized this underlying evidence as describing a "black male." *Id*. at 23. In sum, Plaintiff submits Mercer and, more broadly, Clark County District Attorney Steve Wolfson, have engaged in racial profiling. *Id*. at 22.

B.    Plaintiff's Claims are Barred by the *Younger* Abstention Doctrine .

Plaintiff is seeking damages to remedy wrongs related to his arrest and ongoing state court proceedings. ECF No. 6. Long established precedent prevents the federal court from granting Plaintiff's requests. Under *Younger* abstention (established in *Younger v. Harris*, 401 U.S. 37, 43 (1971)), federal courts are generally precluded from interfering "with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State*

---

[2]    This filing is found in the state court case at DKT ID # 95.

*B. Ass'n*, 457 U.S. 423, 431 (1982).  *Younger* abstention applies when "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicate[s] important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seek[s] to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Duke v. Gastelo*, 64 F.4th 1088, 1094 (9th Cir. 2023) (internal citations and quotations omitted).

Applying this standard to Plaintiff's claims, the Court first finds Plaintiff's state criminal proceedings are ongoing before the EJDC.  *Supa* n.1.  Second, Plaintiff's "state criminal proceedings implicate important state interests."  *Perez v. City of North Las Vegas*, Case No. 2:24-cv-00918-GMN-MDC, 2025 WL 401401, at *3 (D. Nev. Feb. 4, 2025); *see also Kelly v. Robinson*, 479 U.S. 36, 42 (1986).  Third, the Court finds there are adequate opportunities for Plaintiff to litigate his constitutional claims in state court as "state procedures afford an adequate remedy, in the absence of unambiguous authority to the contrary."  *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 619 (9th Cir. 2003).  Indeed, *Younger* abstention applies "even if the constitutionality of the pending proceedings is at the heart of Plaintiff's claim."  *Id.*  Fourth, Plaintiff is seeking damages based on alleged constitutional violations arising from his arrest and state court proceedings.  ECF No. 6 at 3-30.  Thus, any action taken in the instant matter before the U.S. District Court for the District of Nevada could have the practical effect of enjoining the ongoing state proceedings because the Court would be required to determine whether a constitutional violation occurred in the course of those proceedings.  *Gilbertson v. Albright*, 381 F.3d 965, 979 (9th Cir. 2004) ("Damages suits that turn on a constitutional challenge to pending state proceedings implicate the reasons for *Younger* abstention … because to determine whether the federal plaintiff is entitled to damages … the district court must first decide whether a constitutional violation has occurred.").[3]

The foregoing demonstrates that *Younger* abstention is properly applied in this case.  For this reason, the Court recommends Plaintiff's claims be dismissed without prejudice, but without leave to amend.

---

[3]    The Court finds the exceptions to *Younger* do not apply here.  Plaintiff asserts no facts to support an extraordinary circumstance meeting the standards found in *Bean v. Matteucci*, 986 F.3d 1128 (9th Cir. 2021) (forcible administration of antipsychotic medications) or *Arevalo v. Hennessy*, 882 F.3d 763 (9th Cir. 2018) (over six months incarceration without a constitutionally adequate bail hearing).

**III.    Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 3) be DENIED as moot.

IT IS FURTHER RECOMMENDED that Plaintiff's First Amended Complaint (ECF No. 6) be DISMISSED without prejudice and without leave to amend.    This will allow Plaintiff to potentially pursue a habeas petition if he is found guilty upon conclusion of his trial.

DATED this 16th day of March, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).